IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRISTINE M. CHERRY, )
)
        Plaintiff, )
)
v. )
) Civil Action No. 10-306J
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 6th day of March, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her applications for child's insurance benefits, disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support his findings and conclusions.

Plaintiff filed her DIB and SSI applications on February 26, 2008, alleging disability beginning March 5, 1988, due to learning disabilities. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on November 20, 2009. On December 4, 2009, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on October 13, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 21 years old when the ALJ issued his decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has no past relevant work, and she has not engaged in substantial gainful activity at any time since her alleged onset date of disability.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that she is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of anxiety disorder and borderline intellectual functioning, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at all exertional levels with a number of additional non-exertional limitations. Plaintiff is limited to simple, routine, repetitive tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes. In addition, plaintiff is limited to only occasional interaction with supervisors, co-workers and the general public. Finally, plaintiff is limited to occupations that involve only one or two step tasks and that do not require her to make calculations, such as a cashier or bank teller (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background and residual functional capacity enable her to perform work that exists in significant numbers in the national economy, such as a garbage collector, lumber stacker or laundry sorter. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. Burnett v. Commissioner of Social

Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

Here, plaintiff argues the ALJ erred in failing to find that she meets or equals listings 12.05C or 12.05D (mental retardation) or 12.06 (anxiety related disorders). Although plaintiff broadly claims that she meets or equals one or more of these listings, she has failed to demonstrate that the medical evidence of record substantiates her position.

Contrary to plaintiff's contention, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from anxiety disorder and borderline intellectual functioning, which are severe

impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination, do not meet or equal any listed impairment. The ALJ's decision indicates that he considered listings under sections 12.05 and 12.06, but he found that plaintiff's conditions do not satisfy all the criteria of any listing. (R. 11). The ALJ then explained why plaintiff's impairments do not meet or equal any listing. (R. 11-13).

The ALJ satisfied his burden; however, plaintiff failed to sustain her burden of showing that her impairments meet or equal a listing. First, to meet or equal the mental retardation listing described in either §12.05C or §12.05D, a claimant must have, inter alia, a valid verbal, performance or full scale IQ score of 60 through 70. See Appendix 1, §12.05C, §12.05D. In this case, plaintiff concedes that her verbal IQ score is 73, her performance IQ score is 84 and her full scale IQ score is 76. See plaintiff's Brief in Support of Motion for Summary Judgment (Document No. 12), at 4; (R. 276). Plaintiff's IQ scores are not within the range required by listings 12.05C or 12.05D, thus she does not meet or equal either of those listings.

The ALJ also correctly determined that plaintiff does not meet or equal listing 12.06 relating to anxiety disorder. In order to meet or equal listing 12.06, plaintiff's condition must satisfy the paragraph "B" criteria of that listing by resulting in at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining

concentration, persistence or pace; or (4) repeated episodes of decompensation, each of extended duration. See Appendix 1, §12.06B. The ALJ's finding that plaintiff does not satisfy the paragraph "B" criteria because she has mild limitations in activities of daily living, moderate limitations in social functioning, moderate limitations in concentration, persistence or pace and no episodes of decompensation is supported by substantial evidence for the reasons thoroughly explained in his decision. (R. 12).

Finally, the court notes that no medical source of record found that plaintiff's impairments meet or equal any listing. For this reason, as well as those discussed above, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

*Gustave Diamond* (signature)

Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard
    Suite B
    Altoona, PA 16602

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901